# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MARK BRADFORD,**

    **Plaintiff,**

    vs.                                        Civ. No. 18-842 JB/KK

**FNU WALDEN, D. WILLARD, JERRY
ROARK, FNU BEATTY, and CORIZON,
LLC,**

    **Defendants.**

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 22), filed on October 22, 2019. For the following reasons, the Court finds that Plaintiff's motion is not well taken and should be **DENIED**.

### *Background*

Plaintiff Mark Bradford, an inmate currently housed at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico, filed the instant lawsuit *pro se* on September 5, 2018, seeking damages for alleged violations of several of his constitutional rights. (Docs. 2, 20.) On September 6, 2018, the Court granted Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 4), and on July 25, 2019, the Court entered an order directing issuance of notice and waiver of service forms to all defendants. (Doc. 12.) On October 22, 2019, Plaintiff filed this motion to appoint counsel. (Doc. 22.)

### *Applicable Law*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298

(1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted). The court's consideration of the request for appointment of counsel "contemplates an examination of the state of the record at the time the request is made." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for *pro bono* counsel. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). A "colorable claim," however, is not itself sufficient to warrant appointment of *pro bono* counsel. *See Rucks*, 57 F.3d at 979 (explaining that "*if* the plaintiff has a colorable claim *then* the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate crucial facts" (emphases added) (alteration, internal quotation marks, and citation omitted)). The court must consider the totality of the circumstances and determine whether refusing to appoint counsel at this juncture would result in fundamental unfairness to Plaintiff, impinging on his due process rights. *See Hill*, 393 F.3d at 1115; *McCarthy*, 753 F.2d at 838, 839-40.

## *Analysis*

In support of his Motion, Plaintiff advances only conclusory and general contentions regarding some, but not all, of the *Rucks* factors. He baldly asserts that "[t]he issues involved in

this case are complex and will require significant research and investigation[,]" contends that he "has limited access to the law library and limited knowledge of the law[,]" and argues that "[a] trial in this case will likely involve conflicting testimony, and counsel would better enable [P]laintiff to present evidence and cross examine witnesses." (Doc. 22 at ¶¶ 2, 3.) Plaintiff describes the circumstances of virtually every *pro se* prisoner plaintiff, circumstances which do not, without more, mandate the appointment of counsel. The Court is certain that Plaintiff would have an easier time pursuing his lawsuit if an attorney represented him. This is true of virtually any *pro se* litigant. *See, e.g.*, *Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").

However, on the current state of the record, the Court concludes that it would not be fundamentally unfair to deny Plaintiff's Motion. Even assuming Plaintiff has stated colorable claims in his Complaint, the remaining *Rucks* factors weigh against the Court requesting *pro bono* counsel for Plaintiff at this time. The factual issues raised in the claims are relatively straightforward: Plaintiff's claims against Defendant Walden and Defendant Corizon appear to stem from a single incident that occurred on March 17, 2012, and Plaintiff's claims against the remaining defendants all relate to their handling of Plaintiff's complaints and grievances related to that single incident. (*See* Doc. 2 at 5-7, Doc. 2-1 at 1-26.) Additionally, the Court's review of the record indicates that Plaintiff possesses not only intimate and detailed knowledge of the facts themselves but also an understanding of how the facts give rise to his specific claims. (*See generally* Docs. 2, 23.) Moreover, a review of Plaintiff's filings in this matter reveals that Plaintiff is able to effectively, though not necessarily persuasively or with total clarity, explain to the Court what he seeks and why he seeks it. (*See* Docs. 2, 22, 23, 24.) Plaintiff has filed not

only his Complaint, which survived preliminary review, and a Motion to Proceed under 28 U.S.C. § 1915, which was granted, but also the Motion presently under consideration (Doc. 22), and a motion styled "Motion for Good Cause" in which he requests that the Court order the preparation of a *Martinez* report[1] (Doc. 24). In light of the foregoing—and in the absence of Plaintiff's identification of special circumstances that might warrant the appointment of counsel at this juncture, *cf. Rucks*, 57 F.3d at 979 (affirming the district court's denial of the plaintiff's motion to appoint counsel where the plaintiff "failed to demonstrate the existence of any special circumstances such as those in *McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication")—the Court finds that under the totality of the present circumstances, Plaintiff has demonstrated the ability to present his claims without counsel at this time and that the legal issues presently before the Court are not so complex that it would be fundamentally unfair for Plaintiff to have to proceed without counsel.

Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a request for *pro bono* counsel, Plaintiff's Motion will be denied. To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

---

[1] Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), this Court may order Defendants to investigate the incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 22) is **DENIED**. The Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE