IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

    Plaintiff,

v.                                                                                                              No. 1:18-cv-00842-KWR-KK

FNU WALDEN, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Mark Bradford's failure to prosecute his civil rights complaint. The Court previously directed Plaintiff to update his address after his release from prison. Because Plaintiff failed to comply, and having reviewed the record and applicable law, the Court will dismiss the case with prejudice.

## BACKGROUND

Plaintiff filed this case on September 5, 2018, when he was incarcerated at the Northeast New Mexico Correctional Facility (NNMCF). (Doc. 2 at 3). He asserts 42 U.S.C. § 1983 claims against the prison doctor who allegedly abused him in 2012. *Id.* at 5. The Court granted leave to proceed *in forma pauperis* and determined the claims survive initial review under 28 U.S.C. § 1915(e). (Doc. 12). Allen Law Firm, LCC entered an appearance for Defendant Corizon Medical Department, and YLAW, P.C. entered an appearance for the remaining Defendants except for Walden (the doctor).[1] (Docs. 13, 16, 39). Thereafter, the Court (Hon. Kirtan Khalsa) directed

---

[1] The U.S. Marshals attempted service on Walden but were not able to locate him using the information Plaintiff provided. (Doc. 29). It appears that Plaintiff could not have recovered from Walden directly, even if he provided a proper address for service. Related federal filings, which are subject to judicial notice, reflect that Walden filed a Chapter 13 bankruptcy petition in 2013. *See In re Mark Walden*, 13-10959-t7 (Bankr. D.N.M.). The case was converted to a Chapter 7 proceeding; a trustee liquidated Walden's assets to settle claims with various prisoner-claimants; and Walden received a discharge of all other prepetition claims. *See* Doc. 76 in 13-10959-t7.

a *Martinez* investigation. (Doc. 37); *see also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978), and noting a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims").

Corizon filed a *Martinez* report along with 15 exhibits containing medical records and various prison reports. (Doc. 52). Beatty, Willard, and Roark filed a separate *Martinez* report along with a Motion to Dismiss. (Docs. 53, 61). The individual Defendants contend the claims are time-barred because Plaintiff filed the Complaint long after expiration of the three year statute of limitations. *Id.* Plaintiff also moved for summary judgment, and the parties filed various responses and replies to that motion. (Docs. 65, 67-69).

On January 21, 2021, a mailing to Plaintiff was returned as undeliverable. (Doc. 71). The New Mexico Corrections Department (NMCD) inmate locator website reflects that Plaintiff was released on probation without updating his address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court. *See* https://search.cd.nm.gov/; *see also United States v. Muskett*, 970 F.3d 1233, 1237 (10th Cir. 2020) (courts may take judicial notice of federal inmate locator website); *Triplet v. Franklin*, 365 Fed. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of Oklahoma Department of Corrections' inmate locator website). By an Order entered February 23, 2021, the Court directed Plaintiff to update his address within thirty days. (Doc. 72) (OSC). The OSC warned that failure to timely comply may result in dismissal of this case without further notice.

The deadline to provide an updated address was March 25, 2021. Plaintiff did not comply or otherwise respond, and the OSC was returned as undeliverable. (Doc. 73).

## **DISCUSSION**

Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the Tenth Circuit explained: "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...." *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for" failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy … [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." *Id.* Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.*

3

In this instance, the factors favor dismissal with prejudice. The Court and Defendants have performed significant work on the case. Defendants conducted *Martinez* investigations, multiple parties filed dispositive motions, and the Court has issued 14 Orders. Allowing Plaintiff to start from scratch later would be prejudicial and wasteful. As to Plaintiff's culpability, he severed contact nearly three months ago and has made no effort to get in touch during that time. The OSC warned that the failure to provide an updated address would result in dismissal. Finally, lesser sanctions would not be useful where, as here, the Court has no way to contact Plaintiff. The Court will therefore dismiss this case - including all claims raised in Plaintiff's Complaint filed September 5, 2018 (Doc. 2) - with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Court orders. The Court will also deny all pending motions (Docs. 61, 64, and 65) as moot. Those motions include Defendants' Motion to Dismiss (Doc. 61); Plaintiff's Motion to Appoint Counsel (Doc. 64); and Plaintiff's Motion for Summary Judgment (Doc. 65).

**IT IS ORDERED** that Plaintiff Mark Bradford's Prisoner Civil Rights Complaint (**Doc. 2**) is **DISMISSED WITH PREJUDICE**; all pending motions (**Docs. 61, 64,** and **65**) are **DENIED AS MOOT**; and the Court will enter a separate judgment resolving the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**